**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,** | **Case No. _____** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **NOKIA INC.,** | |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (collectively "Plaintiffs"), for their Complaint against Defendant Nokia Inc., hereby allege as follows:

**THE PARTIES**

1.      Plaintiff Charles C. Freeny III is an individual residing in Flower Mound, Texas.

2.      Plaintiff Bryan E. Freeny is an individual residing in Ft. Worth, Texas.

3.      Plaintiff James P. Freeny is an individual residing in Spring, Texas.

4.      On information and belief, Defendant Nokia Inc. ("Nokia") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 200 S. Mathilda Avenue, Sunnyvale, California 94086.

**JURISDICTION AND VENUE**

5.      This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. §§1331 and 1338(a).

6.      This Court has specific and/or general personal jurisdiction over Defendant Nokia because it has committed acts giving rise to this action within this judicial district and/or has

established minimum contacts within Texas and within this judicial district such that the exercise

of jurisdiction over each would not offend traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b)

because Nokia has committed acts within this judicial district giving rise to this action, and

continues to conduct business in this district, and/or has committed acts of patent infringement

within this District giving rise to this action.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,490,443)

8.      Plaintiffs re-allege and incorporate by reference the allegations set forth in the

Paragraphs above as if fully set forth herein.

9.      On December 3, 2002, the United States Patent and Trademark Office duly and

lawfully issued United States Patent Number 6,490,443 ("the '443 patent"), entitled

"Communication and Proximity Authorization Systems."  A true and correct copy of the '443

patent is attached hereto as **Exhibit A**.

10.      The named inventor of the '443 patent is Charles C. Freeny, Jr., who is now

deceased.

11.      Plaintiffs are the sons of Charles C. Freeny, Jr., and Plaintiffs are the owners and

assignees of all right, title and interest in and to the '443 patent, including the right to assert all

causes of action arising under said patent and the right to any remedies for infringement of it.

12.      On information and belief, Nokia has been and now is directly infringing the '443

patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among

other things, making, using, selling, offering for sale, and/or importing into the United States

mobile devices that embody one or more of the inventions claimed in the '443 patent, including

but not limited to the Nokia Lumia Icon smartphone and all reasonably similar products ("the accused Nokia products"), in violation of 35 U.S.C. § 271(a).

13.     On information and belief, Nokia has had knowledge of the '443 patent and its contents since at least around May 10, 2006, when the '443 patent was cited as prior art by the United States Patent and Trademark Office ("PTO") in the prosecution of U.S. Patent No. 7,133,659 ("the '659 patent").  On information and belief, Nokia's affiliate company, Nokia Mobile Phones Limited, is or was the owner of the '659 patent and was involved in the prosecution of the '659 patent.  On information and belief, Nokia Mobile Phones Limited shared information with Nokia regarding the prosecution of its United States patents, including the '659 patent.

14.     On information and belief, Nokia also had knowledge of the '443 patent through the prosecution of U.S. Patent No. 7,155,199 ("the '199 patent").  On information and belief, Nokia Mobile Phones Limited as well as Nokia's parent company, Nokia Corporation, are or were the owners of the '199 patent and were involved in the prosecution of the '199 patent, and furthermore shared information with Nokia regarding the prosecution of the '199 patent.  In a submission to the PTO dated June 14, 2006 in the prosecution of the application for the '199 patent, the patent attorney for Nokia Mobile Phones Limited and Nokia Corporation identified the '443 patent as prior art to the '199 patent.

15.     On information and belief, Nokia also had knowledge of the '443 patent through the prosecution of U.S. Patent No. 6,714,778 ("the '778 patent") and U.S. Patent No. 8,095,184 ("the '184 patent").  On information and belief, Nokia Corporation is the owner of the '778 and '184 patents and was involved in the prosecution of the '778 and '184 patents, and furthermore shared information with Nokia regarding the prosecution of the '778 and '184 patents.  On or

about September 30, 2011, the patent examiner cited the '443 patent as prior art in the prosecution of the applications for both the '778 and '184 patents.

16.     On information and belief, based on Nokia's knowledge of the '443 patent acquired from the prosecution of the '659, '199, '184, and '778 patents, Nokia knew or should have known that there was an objectively high risk that the accused Nokia products infringe the '443 patent.

17.     Nokia has also been on notice of the '443 patent and Plaintiffs' allegations of infringement in this action since at least the date of service of this Complaint.

18.     Despite being on notice of the '443 patent and its direct infringement of the patent, Nokia has continued with its infringing activities.

19.     On information and belief, Nokia is inducing and/or has induced infringement of one or more claims of the '443 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Nokia products in an infringing manner in violation of 35 U.S.C. § 271(b).  Despite its knowledge of the '443 patent, Nokia has continued to engage in activities to encourage and assist its customers in the use of the accused Nokia products.  For example, through its website at http://www.nokia.com/us-en, Nokia advertises the accused Nokia products and provides instructions and technical support on the use the accused Nokia products.  On information and belief, by using the accused Nokia products as encouraged and assisted by Nokia, Nokia's customers have directly infringed and continue to directly infringe one or more claims of the '443 patent.  On information and belief, Nokia knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Nokia products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '443 patent.

20.     On information and belief, Nokia will continue to infringe the '443 patent unless enjoined by this Court.

21.     Nokia acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Nokia's infringement of Plaintiffs' rights under the '443 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

22.     On information and belief, Nokia's infringement of the '443 patent has been willful, thereby entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,806,977)

23.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

24.     On October 19, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,806,977 ("the '977 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '977 patent is attached hereto as **Exhibit B**.

25.     Plaintiffs are the owners and assignees of all right, title and interest in and to the '977 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

26.     On information and belief, Nokia has been and now is directly infringing the '977 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States

mobile devices that embody one or more of the inventions claimed in the '977 patent, including but not limited to the accused Nokia products, in violation of 35 U.S.C. § 271(a).

27.     On information and belief, Nokia has had knowledge of the '977 patent and its contents since at least around September 29, 2009, when the '977 patent was cited as prior art by the PTO in the prosecution of U.S. Patent No. 8,751,721 ("the '721 patent").  On information and belief, Nokia's parent company, Nokia Corporation, is or was the owner of the '721 patent and was involved in the prosecution of the '721 patent.  On information and belief, Nokia Corporation has shared and continues to share information with Nokia regarding the prosecution of its United States patents, including the '721 patent.

28.     On information and belief, Nokia also had knowledge of the '977 patent through the prosecution of U.S. Patent No. 8,738,834 ("the '834 patent").  On information and belief, Nokia Corporation is or was the owner of the '834 patent and was involved in the prosecution of the '834 patent, and furthermore shared information with Nokia regarding the prosecution of the '834 patent.  In an Office Action dated December 9, 2009 in the prosecution of the application for the '834 patent, the patent examiner cited the '977 patent as prior art to the '834 patent.

29.     On information and belief, based on Nokia's knowledge of the '977 patent acquired from the prosecution of the '721 and '834 patents, Nokia knew or should have known that there was an objectively high risk that the accused Nokia products infringe the '977 patent.

30.     Nokia has also been on notice of the '977 patent and Plaintiffs' allegations of infringement in this action since at least the date of service of this Complaint.

31.     Despite being on notice of the '977 patent and its direct infringement of the patent, Nokia has continued with its infringing activities.

32.     On information and belief, Nokia is inducing and/or has induced infringement of one or more claims of the '977 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Nokia products in an infringing manner in violation of 35 U.S.C. § 271(b).  Despite its knowledge of the '977 patent, Nokia has continued to engage in activities to encourage and assist its customers in the use of the accused Nokia products.  For example, through its website at http://www.nokia.com/us-en, Nokia advertises the accused Nokia products and provides instructions and technical support on the use the accused Nokia products.  On information and belief, by using the accused Nokia products as encouraged and assisted by Nokia, Nokia's customers have directly infringed and continue to directly infringe one or more claims of the '977 patent.  On information and belief, Nokia knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Nokia products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '977 patent.

33.     On information and belief, Nokia will continue to infringe the '977 patent unless enjoined by this Court.

34.     Nokia acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Nokia infringement of Plaintiffs' rights under the '977 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

35.     On information and belief, Nokia's infringement of the '977 patent has been willful, thereby entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,301,664)

36.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

37.     On November 27, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 7,301,664 ("the '664 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '664 patent is attached hereto as **Exhibit C**.

38.     Plaintiffs are the owners and assignees of all right, title and interest in and to the '664 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

39.     On information and belief, Nokia has been and now is directly infringing the '664 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '664 patent, including but not limited to the accused Nokia products, in violation of 35 U.S.C. § 271(a).

40.     On information and belief, Nokia is inducing and/or has induced infringement of one or more claims of the '664 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Nokia products in an infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Nokia has had knowledge of the '664 patent since at least the date of service of this Complaint.  Despite this knowledge of the '664 patent, Nokia has continued to engage in activities to encourage and assist its customers in the use of the accused Nokia products.  For example, through its website at

http://www.nokia.com/us-en, Nokia advertises the accused Nokia products and provides instructions and technical support on the use the accused Nokia products.  On information and belief, by using the accused Nokia products as encouraged and assisted by Nokia, Nokia's customers have directly infringed and continue to directly infringe one or more claims of the '664 patent.  On information and belief, Nokia knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Nokia products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '664 patent.

41.     On information and belief, Nokia will continue to infringe the '664 patent unless enjoined by this Court.

42.     Nokia acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Nokia infringement of Plaintiffs' rights under the '664 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,072,637)

43.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

44.     On December 6, 2011, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 8,072,637 ("the '637 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '637 patent is attached hereto as **Exhibit D**.

45.     Plaintiffs are the owners and assignees of all right, title and interest in and to the '637 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

46.     On information and belief, Nokia has been and now is directly infringing the '637 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '637 patent, including but not limited to the accused Nokia products, in violation of 35 U.S.C. § 271(a).

47.     On information and belief, Nokia is inducing and/or has induced infringement of one or more claims of the '637 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Nokia products in an infringing manner in violation of 35 U.S.C. § 271(b).  On information and belief, Nokia has had knowledge of the '637 patent since at least the date of service of this Complaint.  Despite this knowledge of the '637 patent, Nokia has continued to engage in activities to encourage and assist its customers in the use of the accused Nokia products.  For example, through its website at http://www.nokia.com/us-en, Nokia advertises the accused Nokia products and provides instructions and technical support on the use the accused Nokia products.  On information and belief, by using the accused Nokia products as encouraged and assisted by Nokia, Nokia's customers have directly infringed and continue to directly infringe one or more claims of the '637 patent.  On information and belief, Nokia knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Nokia products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '637 patent.

48.     On information and belief, Nokia will continue to infringe the '637 patent unless enjoined by this Court.

49.     Nokia acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Nokia infringement of Plaintiffs' rights under the '637 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment against Nokia as follows:

a.     For judgment that Nokia has infringed and continues to infringe the claims of the '443, '977, '664, and '637 patents;

b.     For judgment that Nokia's infringement of the '443 and '977 patents has been and is willful;

c.     For a permanent injunction against Nokia and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '443, '977, '664, and '637 patents;

d.     For an accounting of all damages caused by Nokia acts of infringement;

e.     For a judgment and order requiring Nokia to pay Plaintiffs' damages (including enhanced damages for Nokia's willful infringement), costs, expenses, and pre- and post-judgment interest for its infringement of the '443, '977, '664, and '637 patents as provided under 35 U.S.C. § 284;

f.      For a judgment and order finding that this is an exceptional case within the

meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees;

and

g.      For such other relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable by a jury.


Dated: July 9, 2014                     Respectfully submitted,


                                        */s/ Christopher D. Banys*
                                        Christopher D. Banys - ***Lead Attorney***

                                        BANYS, P.C.
                                        Christopher D. Banys        SBN: 230038 (California)
                                        Richard C. Lin              SBN: 209233 (California)
                                        Eric J. Sidebotham          SBN: 208829 (California)
                                        Jennifer L. Gilbert         SBN: 255820 (California)
                                        1032 Elwell Court, Suite 100
                                        Palo Alto, CA 94303
                                        Tel: (650) 308-8505
                                        Fax: (650) 353-2202
                                        cdb@banyspc.com
                                        rcl@banyspc.com
                                        ejs@banyspc.com
                                        jlg@banyspc.com

                                        LOCAL COUNSEL:

                                        WARD & SMITH LAW FIRM
                                        Wesley Hill                 SBN: 24032294
                                        P.O. Box 1231
                                        1127 Judson Rd., Ste. 220
                                        Longview, TX 75601
                                        Tel: (903) 757-6400
                                        Fax: (903) 757-2323
                                        wh@wsfirm.com

                                        **ATTORNEYS FOR PLAINTIFFS**

**CHARLES C. FREENY III, BRYAN E. FREENY, AND JAMES P. FREENY**